IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:22-cv-00316-MR

| | |
|---|---|
| JEFFREY EDWARD MARTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ALAN CLONINGER,[1] et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of the pro se Complaint. [Doc. 1]. The Plaintiff is proceeding in forma pauperis. [Doc. 8].

**I.    BACKGROUND**

The pro se Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Gaston County Jail (GCJ), where he is a pretrial detainee. [Doc. 1]. He names as Defendants in their official capacities: Alan Cloninger, the sheriff of Gaston County; Kim Carter, the GCJ medical director; and Debbie Spada, a GCJ physician's assistant. [Id. at 2-3]. He asserts claims of "medical neglect/refusing proper medical treatment/care" and the denial of his "right to get [an] answer to [his]

---

[1] The Plaintiff misspells the sheriff's last name as "Cloniger." The Clerk will be instructed to correct Defendant Cloninger's name in the record.

grievances." [Doc. 1 at 3, 15]. He seeks injunctive relief and damages. [Id. at 5].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

2

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

### A. Parties

The Complaint contains pronouns and vague terms such as "medical," "medical staff," and "nurse" rather than identifying the individual(s) involved in each allegation. [See, e.g., Doc. 1 at 14-15]. To the extent that the Court is unable to determine to whom the Plaintiff refers, these claims are too vague and conclusory to proceed and are dismissed without prejudice. See generally Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim).

The Complaint also refers to individuals who have not been named as defendants in the caption as required by the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 10(a) ("The title of the complaint must name

3

all the parties"); Perez v. Humphries, No. 3:18-cv-107-GCM, 2018 WL 4705560, at *1 (W.D.N.C. Oct. 1, 2018) ("A plaintiff's failure to name a defendant in the caption of a Complaint renders any action against the purported defendant a legal nullity"); [see, e.g., Doc. 1 at 5, 14-15 (referring to Officers Pfifer and Cook, Cpl. Darby, "triage Nurse" and "x-ray Nurse")]. The allegations directed at individuals not named as defendants are, therefore, dismissed without prejudice.

### B. Medical Care

The Plaintiff claims that he received Pepcid at his prior institution for ulcers and acid reflux, but that he was told that GCJ could not afford that medication[2] [Doc. 1 at 5, 13]; that the Plaintiff put in a sick call in January 2022 and received six days of Tagamet for stomach pain, but he refuses to pay $20 for a sick call each time he needs the medication renewed[3] [id. at 14]; that after the Plaintiff injured his rotator cuff on April 29, 2022, Defendants Carter and Spada only saw him once, and he was given three days of Tylenol and an x-ray, but nothing more has been done, and he was

---

[2] He claims that he also received Lipitor, Vitamin D3, and an asthma inhaler at his prior institution, Alexander CI; he appears to admit that he is receiving the Lipitor at GCJ. [Doc. 1 at 13].

[3] The Plaintiff does not assert that he was denied medication due to inability to pay, rather, he states that he is unwilling to pay the $20 copay. [See Doc. 1 at 14 ("I will not put in anymore sick calls for something medical staff knows [he] needs every day")].

4

told that GCJ was not going to give him an MRI and surgery [id. at 5, 14-15]; that the Defendants are "deliberately and maliciously" depriving him of that medication and are "refusing to acknowledge" that he injured his shoulder at GCJ, [id. at 5, 13-14]; and that Defendants Carter and Spada "[o]bviously … pledged another oath … to keep medical cost[s] down to the lowest for the jail" when they contracted with Sheriff Cloninger to provide medical services at GCJ [Doc. 1 at 13].

The Plaintiff purports to sue Sheriff Cloninger and Defendants Carter and Spada only in their official capacities. Suits against sheriffs and their employees in their official capacities are, in substance, claims against the office of the sheriff itself. Gannt v. Whitaker, 203 F.Supp.2d 503, 508 (M.D.N.C. Feb. 26, 2002). The Office of Sheriff is not liable under § 1983 for an employee's acts "unless action pursuant to official municipal policy of some nature caused [the] constitutional tort." Collins v. City of Harker Heights, 503 U.S. 115, 120-21 (quoting Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 691 (1978)). That is, "[f]or a governmental entity to be liable under section 1983, the official policy must be the moving force of the constitutional violation." Moore v. City of Creedmoor, 345 N.C. 356, 366, 481 S.E.2d 14, 21 (1997) (internal quotation marks and citations

omitted). "Thus, the entity's 'policy or custom' must have played a part in the violation of federal law." Id. (quoting Monell, 436 U.S. 658, 694).

The Plaintiff's vague, conclusory, and speculative claims fail to plausibly allege that any policy or custom played a part in the violation of any constitutional right. His disagreement with the $20 copay to renew his medication, and his preference for more or different treatment, are insufficient to state a Monell claim. Accordingly, the Plaintiff's official-capacity claims against the Defendants are dismissed without prejudice for failure to state a claim upon which relief can be granted.

Insofar as the Plaintiff suggests that Defendants Carter and Spada provided deliberately indifferent care through their personal actions or inactions, those claims cannot proceed because the Plaintiff has failed to sue them in their individual capacities. Even if the Plaintiff had named these Defendants in their individual capacities, the Plaintiff has failed to state a plausible deliberate indifference claim.

Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To state a claim under the Eighth Amendment, a plaintiff must show a "deliberate indifference to serious medical needs" of the

6

Case 3:22-cv-00316-MR   Document 9   Filed 09/28/22   Page 6 of 10

inmate. Id. "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." Young v. City of Mt. Ranier, 238 F.3d 567, 575-76 (4th Cir. 2001) (citations omitted). "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990).

The Plaintiff's claims that Defendant Carter denied him medicine for his ulcers and acid reflux, and that these conditions cause him "stomach pain." [Doc. 1 at 5, 14]. Assuming *arguendo* that these medical conditions are sufficiently serious, his claim is self-defeating in that he admitted he received Tagamet at a sick call, that he is able to submit more sick calls to renew the medication, but that he refuses to do so because he does not want to pay the $20 copay. His desire to have a different medication, to have the medication renew automatically, or to receive the medication for free, is insufficient to support a deliberate indifference claim. See generally Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014) (a disagreement between an

7

Case 3:22-cv-00316-MR  Document 9  Filed 09/28/22  Page 7 of 10

inmate and a physician over the inmate's proper medical care falls short of showing deliberate indifference).

The Plaintiff's claim that Defendants Carter and Spada were deliberately indifferent to his shoulder injury also fails. [Doc. 1 at 5]. The facts are insufficient to show that the shoulder injury is a sufficiently serious medical need. Assuming *arguendo* that the injury is sufficiently serious, the Plaintiff has failed to demonstrate deliberate indifference. He admits that he was seen for the injury, given Tylenol, and x-rayed. His speculation that he may have a rotator cuff tear, and his statement to an unnamed nurse that he may need an MRI and surgery, are insufficient to state a deliberate indifference claim against Defendants Carter and Spada. See Jackson, 775 F.3d at 178.

### C. Grievances

The Plaintiff claims that he has been deprived of his "right to get an answer to [his] grievances." [Doc. 1 at 15]. "[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). "An inmate thus cannot bring a § 1983 claim alleging denial of a specific grievance procedure." Booker v. S.C. Dep't of Corr., 855 F.3d 533, 541 (4th Cir. 2017). The Plaintiff's allegations that his grievances were

denied, rejected, or went unanswered, therefore, fail to rise to the level of a constitutional violation.

### D. Request for Counsel

The Plaintiff seeks the assistance of an attorney because he does not know how to represent himself, and he does not have any money. [Doc. 1 at 15]. There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). The Plaintiff has failed to demonstrate the existence of exceptional circumstances that would warrant the appointment of counsel, and his request for an attorney is therefore denied.

## IV. CONCLUSION

In sum, the Plaintiff has failed to state a claim against any Defendant and the Complaint is dismissed without prejudice.

The Court will allow the Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to correct the deficiencies identified in this Order and to otherwise properly state a claim upon which relief can be granted. Any Amended Complaint will be subject to all timeliness and procedural

9

requirements and will supersede his previous filings. Piecemeal amendment will not be allowed. Should the Plaintiff fail to timely file an Amended Complaint in accordance with this Order, this action will be dismissed without prejudice and without further notice to the Plaintiff.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint [Doc. 1] is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

2. The Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to file an Amended Complaint in accordance with this Order and within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to Plaintiff.

The Clerk is respectfully instructed to correct the Court record by substituting Alan G. Cloninger for "Alan Cloniger" and to mail the Plaintiff a blank § 1983 prisoner complaint form and a copy of this Order.

**IT IS SO ORDERED.**   Signed: September 28, 2022

Martin Reidinger
Chief United States District Judge