IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:22-cv-00316-MR

| | |
|---|---|
| **JEFFREY EDWARD MARTIN,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| **ALAN G. CLONINGER, et al.,** ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of the pro se Amended Complaint. [Doc. 10]. The Plaintiff is proceeding in forma pauperis. [Doc. 8].

**I.  BACKGROUND**

The pro se incarcerated Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Gaston County Jail (GCJ), where he is a pretrial detainee. [Doc. 1]. The Complaint failed initial review and the Plaintiff was granted the opportunity to amend. [Doc. 9]. The Amended Complaint is now before the Court for initial review. [Doc. 10].

The Plaintiff names as Defendants in their individual capacities: Kim Carter, the GCJ medical director; and Debbie Spada, a GCJ physician

assistant. [Doc. 10 at 2]. He claims that the Defendants violated the Eighth and Fourteenth Amendments by "denying [him] medical treatment" as follows:

> I received a torn rotator cuff and went to sick call May 5th, 2022 was told I would see doctor. I seen Kim Carter Medical Director and Physicians Asst. Debbie Spada on May 26th, 2022 and was told that nothing was wrong with me. Have put in 2 more sick calls, last one 8/22/22 and still cannot get treatment. Wasn't seen on 8/29/22 and now right shoulder is locked up.

[Id. at 4-5] (errors uncorrected). The Plaintiff seeks injunctive relief. [Id. at 5].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly

baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

The Plaintiff again asserts that Defendants Carter and Spada were deliberately indifferent to a serious medical need. [See Doc. 9 at 6-7 (setting forth the deliberate indifference standard)]. Assuming *arguendo* that the Plaintiff's shoulder injury is sufficiently serious, he has again failed to state a plausible claim for deliberate indifference to a serious medical need. He claims, at most, that Defendants Carter and Spada misdiagnosed his shoulder injury on May 5, 2022. See Miltier v. Beorn, 896 F.2d 848, 852 (4th Cir. 1990) (mere negligence or malpractice does not violate the Eighth Amendment), *overruled in part on other grounds by* Farmer v. Brennan, 511 U.S. 825 (1994). Insofar as he claims that two additional sick call requests received no response, he fails to allege that this is attributable to either Defendant. See generally Kentucky v. Graham, 473 U.S. 159, 166 (1985)

3

(for personal liability in a § 1983 action, "it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right"). Nor does he allege that such was due to deliberate indifference, rather than negligence or unavailability. See Miltier, 896 F.2d at 852; Davidson v. Cannon, 474 U.S. 344, 348 (1986) ("the protections of the Due Process Clause, whether procedural or substantive, are just not triggered by the lack of due care by prison officials").

The Court will dismiss this action with prejudice because the Plaintiff has already been allowed to amend his complaint once and he has again failed to state a claim for relief. See Green v. Wells Fargo Bank, N.A., 790 F. App'x 535, 536 (4th Cir. 2020).

## IV. CONCLUSION

For the reasons stated herein, the Court will dismiss the Plaintiff's Amended Complaint with prejudice.

### ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Amended Complaint [Doc. 12] is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

The Clerk is respectfully instructed to close this case.

**IT IS SO ORDERED.**

Signed: February 9, 2023

Martin Reidinger
Chief United States District Judge